IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 04-4239 |
| vs. ) | |
| ) | |
| FRICHTL STEEL AND WELDING, KEVIN ) | |
| DHOM, TONYA MALIN, and RAYMOND ) | |
| LUNA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Before the Court are motions to dismiss filed by Kevin Dhom, (Doc. 18), Frichtl Steel and Welding, (Doc. 19), and Tonya Malin and Raymond Luna (Doc. 26). Plaintiff has filed a response (Doc. 37).

**I.    Background.**

The following allegations are from plaintiff's complaint. Plaintiff Timothy Smith was employed as a welder at Frichtl Steel and Welding. On July 2, 2002, his supervisor, Kevin Dhom, asked him to go outside and open the trunk of his car. Plaintiff complied, and inside the trunk were a set of pry-bar screwdrivers belonging to the company. When asked where he got the screwdrivers, plaintiff responded that Ervin Volk, (a former production manager), told plaintiff that he could borrow them. Defendant Dhom replied, "That's stealing," and terminated plaintiff's employment the very next day.

Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights, (IDHR), claiming that he was discriminated in his employment based upon religious beliefs. This charge was investigated by Defendant Tonya Malin, (IDHR Investigator), who dismissed

the charge for lack of substantial evidence. Upon plaintiff's request for review, defendant Raymond Luna, (IDHR's Chief Legal Counsel), reviewed the case file *de novo* and affirmed Defendant Malin's dismissal.

Plaintiff has sued Frichtl Steel and Welding and Kevin Dhom under 42 U.S.C. §1983 for unreasonably denying him employment, and for failure to follow reasonable company policy when terminating his employment. Plaintiff has also sued IDHR personnel Tonya Malin and Raymond Luna under 42 U.S.C. §1983 for failure to follow reasonable and established procedures in investigating and processing his IDHR charge. Defendants' motions to dismiss are discussed below.

**II.    Motion to Dismiss Standard.**

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). When considering a motion to dismiss, the court views all facts alleged in the complaint, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir.1996). This Court will grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir.1993).

**III.   Discussion.**

Frichtl Steel and Welding has moved to dismiss plaintiff's § 1983 complaint on the ground that it did not act under color of state law. It is well-settled that to be liable under § 1983, plaintiff must allege that defendants acted under color of law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978) (a person is liable under § 1983 only when he acts under color of

law). Here, Frichtl Steel and Welding and Kevin Dhom are private parties. Plaintiff does not allege any conduct by either of these private defendants that would infer that when terminating his employment they acted under color of law. Accordingly, the motions to dismiss filed by Frichtl Steel and Welding and Kevin Dhom are granted.[1]

Defendants Tonya Malin and Raymond Luna have moved to be dismissed on the ground that they are immune from suit under sovereign immunity and quasi-judicial immunity. It is well-established that official capacity suits against state officials are deemed to be suits against the State, and are therefore barred by Eleventh Amendment sovereign immunity. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70-71 (1989). Furthermore, the Court notes that in reviewing plaintiff's IDHR charge, defendants Malin and Luna were performing duties that are comparable to those of a judicial officer, and therefore, they are entitled to quasi-judicial immunity. *See Tobin for Governor v. Ill. State Bd. Of Elections*, 268 F.3d 517, 521 (7th Cir. 2001) ("Absolute immunity is available to members of quasi-judicial adjudicatory bodies when they perform duties that are functionally comparable to those of a judicial officer.") (*citing Butz*

---

[1] Plaintiff has labeled his complaint as one brought under 42 U.S.C. § 1983 or "such other statutes as may be applicable." Construed liberally, plaintiff's complaint may also be read to contain a claim for religious discrimination under Title VII. Under Title VII, however, individual supervisors who are not otherwise employers cannot be held liable. *Cianci v. Pettibone Corp.,* 152 F.3d 723, 729 (7th Cir.1998) (*citation omitted*). Accordingly, any Title VII claim for religious discrimination against Kevin Dhom is dismissed for failure to state a claim.

With regard to Frichtl Steel and Welding, plaintiff's complaint fails to mention his religious beliefs and fails to state how Frichtl failed to accommodate his alleged religious beliefs. Under Federal Rule of Civil Procedure 8(a)(2), plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.Proc 8(a)(2).* Plaintiff's complaint fails to state a claim of religious discrimination, thus, any such Title VII claim against Frichtl Steel and Welding is also dismissed for failure to state a claim.

*v. Economou*, 438 U.S. 478, 512-13 (1978); and *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir.), *cert. denied*, 528 U.S. 952 (1999)). Accordingly, the motions to dismiss filed by Tonya Malin and Raymond Luna are granted.

IV.   **Summary.**

Based on the foregoing, the motions to dismiss filed by Kevin Dhom, (Doc. 18), Frichtl Steel and Welding, (Doc. 19), and Tonya Malin and Raymond Luna (Doc. 26) are **GRANTED.** Plaintiff's claims against Kevin Dhom, Tonya Malin, and Raymond Luna are dismissed with prejudice. Plaintiff's claims against Frichtl Steel and Welding are dismissed without prejudice. The motion to strike plaintiff's response in opposition (Doc. 41) is **MOOT**. A separate Judgment shall accompany this Order.

**IT IS SO ORDERED.**

**DATED: April 29, 2005.**

*s/ James L. Foreman*
**DISTRICT JUDGE**
